```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**LILLIAN SCHWANDER, ET AL**                         **CIVIL ACTION**

**VERSUS**                                           **NO. 06-10725**

**GILLIS ELLIS & BAKER, INC., ET AL**                **SECTION B(4)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 14). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

### *BACKGROUND*

This suit arises out of Plaintiffs' claims under their insurance policy for losses allegedly caused by Hurricane Katrina. On or about August 29, 2006, Plaintiffs filed suit against Defendants Gillis, Ellis & Baker, Inc. ("GEB") and Stone Insurance, Inc. ("Stone") in the Civil District Court for the Parish of Orleans. The Petition alleged that Plaintiffs consulted with Defendants to obtain adequate insurance coverage. Specifically, Stone was responsible for providing adequate flood coverage, and GEB was responsible for providing insurance coverage as to all aspects of Plaintiffs' business.

At the time of Hurricane Katrina, Plaintiffs did have some

1

flood coverage.  The flood claim was handled in an expeditious manner, and the policy limits were paid out.  Plaintiffs' flood claims and other damages, however, far exceeded the coverage recommended by GEB and Stone.  Plaintiffs alleged that Stone failed to carry out his responsibility in regard to the need for adequate flood coverage and the need for excess coverage in the event of a catastrophe such as Hurricane Katrina.  Further, Plaintiffs alleged that GEB failed to carry out its responsibility of advising Plaintiffs in regard to business interruption coverage.

On November 30, 2006, Defendant Stone removed the matter to federal court claiming federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331 Federal Question Jurisdiction. Plaintiffs contend that Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 does not exist because the claims against the Defendants do not arise under the Constitution, laws, or treaties of the United States, but are, instead, state law negligence claims against insurance brokers regarding the procurement of insurance coverage.  Defendant contends that federal jurisdiction exists pursuant to 28 U.S.C. § 1331 Federal Question Jurisdiction. Defendant argues that all flood claims, including failure to procure flood insurance, fall under the purview of federal law. Thus, subject matter jurisdiction for this Court is proper.

### DISCUSSION

Defendants contend that Plaintiffs' claims arise out of the

administration of a National Flood Insurance Policy and, therefore, this Court has original federal question jurisdiction pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq.  42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Original exclusive federal jurisdiction exists pursuant to the NFIA when claims arise out of the administration and claims handling of a national flood insurance policy.  *See Columbo v. Allstate*, 2006 WL 3827529 (E.D. La. 2006); *Newman v. Allstate*, 2006 WL 2632116 (E.D. La. 2006).  Furthermore, state law tort claims that arise from the handling of flood claims by private Write Your Own ("WYO") insurers are preempted by federal law.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390(5th Cir. 2005).

The Fifth Circuit has not directly ruled on whether state law

claims for improper procurement of flood insurance are preempted by NIFA.  At the same time, however, the Fifth Circuit has not rejected case law distinguishing insurance procurement from claim handling and finding that insurance procurement claims are not preempted.  *Landry v. State Farm Fire & Cas.*, 428 F. Supp. 2d 531, 534 (E.D. La. 2006) (discussing *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005)).  A number of district courts have recognized this distinction and have accordingly held that claims against agents and insurers related to the procurement of WYO policies on behalf of a National Flood Insurance Policy may be remanded to state court.  *See Sullivan v. State Farm & Cas. Co.*, 2006 WL 2119320 (E.D. La. 2006); *Landry v. State Farm Fire & Cas.*, 428 F. Supp. 2d 531 (E.D. La. 2006).  In keeping with these decisions, this Court declines to enlarge the scope of exclusive federal jurisdiction pursuant to 42 U.S.C. § 4072 to encompass a claim for improper procurement of flood insurance.

Plaintiffs' claims in the instant action do not arise out of claims handling or the administration of a national flood insurance policy.  Instead, Plaintiffs' claims against GEB and Stone relate to their alleged negligence in the procurement of flood insurance. For the reasons stated above, these claims are not sufficient to invoke jurisdiction pursuant to the NFIA.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 6th day of November, 2007.

_____
UNITED STATES DISTRICT COURT